STATE OF HAWAII, Plaintiff-Appellee, *v.* JACQLYNN ALICE MEYER, also known as Jay, and THOMAS RALPH LINDQUIST, Defendants-Appellants

NO. 6401

STATE OF HAWAII, Plaintiff-Appellee, *v.* THOMAS RALPH LINDQUIST, Defendant-Appellant

NO. 6402

MAY 21, 1979

RICHARDSON, C.J., OGATA, MENOR, JJ.,
RETIRED JUSTICE MARUMOTO AND
CIRCUIT JUDGE CHANG, ASSIGNED
BY REASON OF VACANCIES

OPINION OF THE COURT BY MARUMOTO, J.

We have before us two appeals, Supreme Court No. 6401 and Supreme Court No. 6402, which have been consolidated by stipulation of all parties.

Supreme Court No. 6401 involves an appeal by defendant Jacqlynn Alice Meyer, also known as Jay, from a judgment entered against her by the Circuit Court of the First Circuit in Criminal No. 49046 of that court, and an appeal by defendant

Thomas Ralph Lindquist from a judgment entered against him by the same court in the same case.

In Criminal No. 49046, defendant Meyer was indicted for promoting a dangerous drug in the first degree, by distributing 50 or more capsules of lysergic acid diethylamide (LSD), on or about March 25, 1976, in violation of Hawaii Penal Code § 712-1241(1)(b)(i), and for promoting a dangerous drug in the second degree, by distributing lysergic acid diethylamide (LSD), on or about April 13, 1976, in violation of Hawaii Penal Code § 712-1242(1)(c); and defendants Meyer and Lindquist were indicted for promoting a dangerous drug in the first degree, by distributing 50 or more capsules of lysergic acid diethylamide (LSD), on or about April 1, 1976, in violation of Hawaii Penal Code § 712-1241(1)(b)(i).

The mentioned references to sections of the Hawaii Penal Code are to those sections of the penal code as amended by Session Laws of Hawaii 1975, Act 163.

On the dates alleged in the indictment, namely, March 25, April 1, and April 13, 1976, proscribed dangerous drugs were enumerated in the schedules contained in Session Laws of Hawaii 1974, Act 217.

Session Laws of Hawaii 1974, Act 217, amended Session Laws of Hawaii 1972, Act 10.

Hereafter, in this opinion, Session Laws of Hawaii 1972, Act 10, and Session Laws of Hawaii 1974, Act 217, will be referred to respectively as the 1972 Act and the 1974 Act.

The 1974 Act did not list lysergic acid diethylamide as one of the proscribed dangerous drugs. However, it listed in Schedule I(d)(12), a hallucinogenic substance spelled "lysergic acid diethlamine" as one of such drugs.

In the 1972 Act, a hallucinogenic substance spelled "lysergic acid diethlamide" was listed as one of such drugs in Schedule I(d)(9).

There is sufficient evidence in the record to warrant this court to hold that the words diethlamide in the 1972 Act and diethlamine in the 1974 Act were misspellings of the words diethylamide and diethylamine respectively. In both Acts, the letter "y" was omitted as the sixth letter in the mentioned words.

Prosecution seeks a holding of this court that the word "diethlamine" in the 1974 Act was a misspelling of the word "diethylamide", and that "lysergic acid diethlamine" in Schedule I(d)(12) covered the drug "lysergic acid diethylamide". We decline to so hold, for the reasons stated below.

At the trial, Gilbert Chang, a criminologist of the Honolulu Police Department, was called by the Prosecution as its expert witness. He testified:

(1) that there is a substance known as lysergic acid diethylamine;

(2) that lysergic acid diethylamine is different from lysergic acid diethylamide;

(3) that lysergic acid diethylamine is not LSD;

(4) that lysergic acid diethylamine, as a lysergic acid derivative, has some hallucinogenic properties.

The 1974 Act is an enactment of House Bill No. 2731-74, as amended by House Draft 1, and as further amended by Senate Draft 1. In the original House Bill, in House Draft 1 and Senate Draft 1, and in the bill as passed by the Legislature and signed by the Governor, the item in Schedule I(d)(12) was spelled "lysergic acid diethlamine".

The legislative history of House Bill No. 2731-74 shows that the Legislature intended to list lysergic acid diethylamide in Schedule I(d)(12).

Standing Committee Report No. 417-74 of the House Public Health and Welfare Committee stated that the purpose of House Bill 2731-74 was to update the listing to bring the Hawaii law into compliance with the Federal Uniform Controlled Substances Act.

Code of Federal Regulations, Title 21, § 1308.11 lists lysergic acid diethylamide as one of proscribed controlled substances in Schedule I(d)(12).

However, the Legislature did not carry its intention into effect. Only by analogy with the Federal law can it be said that the dangerous drug really listed in Schedule I(d)(12) of the 1974 Act was lysergic acid diethylamide, and the listing of lysergic acid diethylamine was an inadvertent misspelling.

In this connection, reference may be made to Hawaii Penal Code § 701-104, which reads:

§ 701-104 *Principles of construction*. The provisions of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of the words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.

To hold that distribution of lysergic acid diethylamide was proscribed by the 1974 Act is to extend the provision of that Act by analogy so as to create a crime not provided for therein. To do so will be in violation of the first clause of § 701-104 quoted above.

A holding that distribution of lysergic acid diethylamine was proscribed by the 1974 Act does not violate the second clause of § 701-104. According to the testimony of Gilbert Chang, that substance exists separate and apart from lysergic acid diethylamide.

Thus, the fair import of the words lysergic acid diethylamine, taken in their usual sense is lysergic acid diethylamine and not lysergic acid diethylamide. The use of those words in Schedule I(d)(12) of the 1974 Act was not out of context and was within the purpose of that Act. In Schedule I(d) of the Act, the Legislature intended to proscribe the distribution of hallucinogenic substances. Under the uncontradicted evidence in this case, lysergic acid diethylamine is a hallucinogenic substance.

Hawaii Penal Code § 701-104 sets forth the same principle of construction stated in *Queen v. San Tana*, 9 Haw. 106, 108 (1893), as follows:

We cannot change the language of the statute, supply a want, or enlarge upon it in order to make it suit a certain state of facts. We do not legislate or make laws. Even where the Court is convinced in its own mind that the Legislature really meant and intended something not expressed by the phraseology of the Act, it has no authority to depart from the plain meaning of the language used.

*Queen v. San Tana* is an old case. Nevertheless, in the statement quoted above, the court stated a sound principle of law.

Supreme Court No. 6402 involves an appeal by defendant Lindquist from a judgment entered against him by the Circuit Court of the First Circuit in Criminal No. 49047 of that court.

In Criminal No. 49047, defendant Lindquist was indicted for promoting a harmful drug in the first degree by distributing one or more compounds containing phencyclidine (PCP), on or about April 21, 1976, and for promoting a harmful drug in the first degree by distributing one or more compounds containing phencyclidine (PCP), on or about April 27, 1976, both in violation of Hawaii Penal Code § 712-1244(d), as amended by Session Laws of Hawaii 1975, Act 163. Defendant Lindquist seeks reversal of the judgment entered against him in Criminal No. 49047 on the ground that he was prejudiced by extensive testimony relating to the charges in Criminal No. 49046.

We see no merit in that contention. Criminal No. 49046 and Criminal No. 49047 were consolidated for trial, and were tried together without objection by defendant Lindquist.

Judgment appealed in Supreme Court No. 6401 is reversed; judgment appealed in Supreme Court No. 6402 is affirmed.

Burt L. Snyder (Mark S. Davis on the briefs, *Kelso, Spencer, Snyder & Stirling* of counsel) for defendants-appellants.

*Arthur E. Ross*, Deputy Prosecuting Attorney, for plaintiff-appellee.