883 P.2d 654

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Mark NEWCOMB, Defendant–Appellant.**

**No. 16496.**

Intermediate Court of Appeals of Hawai'i.

Oct. 20, 1994.

Jonathan W. Leeds, on the briefs, Honolulu, for defendant-appellant.

Patricia A. Loo, Deputy Pros. Atty., City & County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and HEEN and WATANABE, JJ.

HEEN, Judge.

Defendant–Appellant Mark Newcomb (Defendant) appeals from his conviction for the offense of Assault in the First Degree in violation of Hawai'i Revised Statutes (HRS) § 707–710 (1985). We affirm.

The charge against Defendant arose from an incident that took place outside of his residence on August 8, 1991. On that day, Derek Nishida (Nishida) allegedly delivered a quantity of crystal methamphetamine to Defendant. When Defendant refused to pay Nishida for the drugs, an argument ensued. In the course of the argument, Defendant's two Rottweiler dogs emerged from Defendant's home and allegedly attacked Nishida. After the dogs had rather severely injured Nishida, Defendant was able to get them away and take them back into the house. The issue at trial was whether Defendant knew of his dogs' vicious nature and had sufficient control over them to have prevented the attack.

1.

Defendant first contends that the trial court erred in not *sua sponte* preventing Louis Soares (Soares) from testifying that he had been attacked by Defendant's dogs in August 1989. Defendant contends that Soares' testimony was evidence of prior bad acts or crimes and was thus inadmissible under Hawai'i Rules of Evidence (HRE) Rule 404(b), Chapter 626, HRS (Supp.1994). Since the testimony was not objected to, Defendant claims it was plain error for the court to have allowed the testimony. We disagree.

Even if Rule 404 applies to the behavior of animals, which we do not concede, it is clear from the nature of Soares' testimony that the evidence went to prove Defendant's knowledge of the vicious nature of his dogs and that the attack on Nishida was not the result of mistake or accident. HRE Rule 404(b).

In determining the issue of admitting evidence allegedly in violation of Rule 404's prohibition against evidence of reputation, character, or prior bad acts or crimes, the court is required to weigh the probative value of the evidence against its prejudicial nature. HRE 403; *State v. Pinero,* 70 Haw. 509, 516–18, 778 P.2d 704, 710–11 (1989), *appeal after remand,* 75 Haw. 282, 859 P.2d 1369 (1993). That is clearly what the lower

court did in this case, and we find no abuse of discretion in concluding that Soares' testimony was admissible. *State v. Agrabante,* 73 Haw. 179, 198, 830 P.2d 492, 502 (1992) (citing *State v. Castro,* 69 Haw. 633, 756 P.2d 1033 (1988)).

### 2.

◼ Defendant next contends that the trial court committed error in not *sua sponte* declaring a mistrial when the jury was exposed to other evidence of prior dog bites in a tape recording of Defendant's statement to the police following the incident in question here. We disagree.

At a pretrial hearing on Defendant's motion to preclude evidence of other dog bites, the court ruled that the State could not introduce any parts of Defendant's statement that mentioned prior bites by the dogs. In order to conform to the order, the prosecutor and defense counsel collaborated in preparing a "cleansed" copy of the taped interview in which they attempted to remove any dog bite statements. However, when the cleansed tape was played for the jury, it was of such poor quality that the parties agreed to play the original tape and to pass over those areas where dog bites might have been mentioned. In playing the original tape, the State failed to pass over a portion of the tape where Defendant stated that "these dogs have attacked no less than six people." After Defendant's vehement objection, the court, noting that a number of the jurors were shaking their heads indicating that they could not hear the tape, stated that, in view of the poor quality of the tape and defense counsel's loud objections, it was doubtful that the jury heard that portion of Defendant's statement. Nevertheless, the court advised the jury to disregard the last portion of the tape.

◼ Where a jury is admonished by the trial judge to disregard testimony to which the jury had been improperly exposed, the reviewing court will presume that the jury followed the court's instructions. *State v. Jackson,* 8 Haw.App. 624, 636, 817 P.2d 130, 137 (1991), *denial of habeas corpus aff'd, Jackson v. Oahu [Oʻahu] Community Correctional Center,* 988 F.2d 119 (9th Cir.1993);

*State v. Estrada,* 69 Haw. 204, 222–23, 738 P.2d 812, 825 (1987) (citation omitted). Accordingly, we find no error in the court's continuing with the trial, and no merit in Defendant's argument that the court should have *sua sponte* declared a mistrial.

### 3.

◼ We also find no merit in Defendant's argument that the lower court erred in denying his pretrial motion to prevent the testimony of Honolulu Police Sergeant Lacaden (Sgt. Lacaden) regarding his testing of the dogs to determine if they were trained to heed their master's commands. Defendant complains that the State should have furnished him with a copy of Sgt. Lacaden's resume as a dog trainer before the trial. However, Defendant does not indicate how he was prejudiced by the State's failure, and we find nothing in the record to indicate prejudice.

First, defense counsel stipulated that a videotape of Sgt. Lacaden's testing of the dogs was not prejudicial and the videotape could be received in evidence. Second, defense counsel stated that, in spite of his efforts, he was unable to find an expert in dog training to testify for the defense regarding the dogs. Third, the court declared a recess in the trial from July 16 to July 20, 1992, to allow defense counsel to try again to locate an expert.

The failure of the State to furnish Defendant with Sgt. Lacaden's resume did not in any way hamper Defendant's ability to prepare for trial or affect his defense during trial.

### 4.

◼ Defendant's argument that the trial court erred in limiting his right to cross-examine Douglas Secord (Secord), a State witness, is also without merit. In the cross-examination, defense counsel attempted to get Secord to testify that he had told defense counsel several times that Secord thought Defendant "had a good case." The court correctly sustained the State's objection on the ground that the cross-examination would, if Secord denied the conversation, compel

defense counsel to become a witness for the defense in order to prove the conversation. *State v. Rulona,* 71 Haw. 127, 132, 785 P.2d 615, 617 (1990). Moreover, Secord's opinion on the strength of Defendant's "case" is utterly irrelevant. Consequently, we are compelled to sustain the court's ruling. *State v. Pinero,* 75 Haw. 282, 290, 859 P.2d 1369, 1373 (1993) (citing *State v. Taniguchi,* 72 Haw. 235, 240, 815 P.2d 24, 26 (1991)).

## CONCLUSION

Finding no merit in Defendant's arguments on appeal, we affirm the judgment of conviction.