76 P.3d 943

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**David MUELLER, Defendant–Appellant.**

**No. 25459.**

Supreme Court of Hawai'i.

Sept. 26, 2003.

---

Mangmang Qiu Brown, Deputy Prosecuting Attorney, on the briefs, for the plaintiff-appellee State of Hawai'i.

Richard D. Gronna, Honolulu, on the briefs, for the defendant-appellant David Mueller.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by LEVINSON, J.

The defendant-appellant David Mueller appeals from the judgment of the first circuit court, the Honorable Richard K. Perkins presiding, convicting him of and sentencing him for the offense of sexual assault in the first degree, pursuant to Hawai'i Revised Statutes (HRS) § 707–730(1)(b) (1993).[1] Mueller's sole contention on appeal is that the circuit court, having expressly found that no "penetration" had occurred in the present matter, erred in convicting him of sexual assault in the first degree on the ground that HRS § 707–700 (1993)[2] mandates proof of "pen-

---

1. HRS § 707–730(1)(b) provided in relevant part:

 **Sexual assault in the first degree.** (1) A person commits the offense of sexual assault in the first degree if:
 . . . .
 (b) The person knowingly subjects to sexual penetration another person who is less than fourteen years old. . . .
 (2) Sexual assault in the first degree is a class A felony.

 Effective July 10, 2001, the legislature amended HRS § 707–730(1)(b) in respects not material to this appeal. *See* 2001 2d Sp. Haw. Sess. L. Act 1, § 1 at 941.

2. HRS § 707–700 defines "sexual penetration" as "vaginal intercourse, anal intercourse, fellatio, cunnilingus, anilingus, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required." The Legislature amended HRS § 707–700 in 2001 in respects not to perti-

etration" to "any" degree, "however slight," as necessary to establishing the elements of "sexual penetration" within the meaning of HRS § 707–730(1)(b). On the record before us, we agree that HRS § 707–700, by its plain language, required the plaintiff-appellee State of Hawai'i [hereinafter, "the prosecution"] to prove beyond a reasonable doubt, *inter alia*, that Mueller's tongue "penetrated" the complainant's vulva [3] before the circuit court could convict Mueller of first degree sexual assault, in violation of HRS § 707–730(1)(b), and that the prosecution failed to do so. Accordingly, we vacate the circuit court's judgment of conviction of and sentence for the offense of sexual assault in the first degree, in violation of HRS § 707–730(1)(b), and remand this matter to the circuit court for the entry of a judgment of conviction of the included offense of sexual assault in the third degree, in violation of HRS § 707–732(1)(b). We also overrule *State v. Rulona*, 71 Haw. 127, 785 P.2d 615 (1990), to the extent that it held that "touching the vulva … with the tongue, without physical penetration, … constitute[s] sexual penetration for the purposes of the penal code, and thus [is] sexual assault in the first degree." *Id.* at 128, 785 P.2d at 616.

## I. *BACKGROUND*

On December 6, 2001, an O'ahu Grand Jury indicted Mueller, charging him with one count of sexual assault in the first degree, *see supra* note 1, for knowingly subjecting the complainant, the granddaughter of Mueller's former girlfriend, to an act of sexual penetration. Mueller's jury-waived trial commenced on June 12, 2002.

For present purposes, we briefly summarize the relevant facts adduced at trial. The complainant was born on February 2, 1989 and has resided in Anchorage, Alaska since birth. Beginning in 1995 or 1996, the complainant visited her grandmother annually in Hawai'i for several weeks during the summer months. The complainant's grandmother lived with Mueller in the City and County of Honolulu from mid–1995 until July 2000. During the complainant's summer visits, she would stay with her grandmother and Mueller. According to the complainant, one day, during either the summer of 1997 or 1998, the complainant and Mueller were alone together in the master bedroom of Mueller's home while the complainant's grandmother was at work. Mueller pulled the complainant's shorts and underwear down to her ankles and knowingly placed his tongue on her vulva. In his testimony, Mueller categorically denied the complainant's allegations. The complainant was less than fourteen years of age at the time of the incident.

On July 24, 2002, the circuit court found Mueller guilty as charged. In so ruling, the circuit court entered written findings of fact (FOFs), *inter alia*, that "Mueller … knowingly placed his tongue on [the complainant's] vagina" (FOF No. 5) and that the prosecution "failed to prove beyond a reasonable doubt that [Mueller's] tongue physically penetrated [the complainant's] vagina, even slightly" (FOF No. 7). The circuit court's written conclusions of law (COLs) are likewise germane to the present appeal:

> 1. In *State v. Rulona*, 71 Haw. 127 [785 P.2d 615] (1990), the court held that cunnilingus, defined as "the stimulation of the vulva, or clitoris, with the lips or tongue" constituted "sexual penetration" sufficient to support a conviction of sexual assault in the first degree without any evidence of physical penetration.

---

nent to the present matter. *See* 2001 Haw. Sess. L. Act 30, § 1, at 53.

**3.** Both parties, as well as the circuit court, refer to the area subject to Mueller's assault as being the complainant's vagina. "Vagina" is defined as "[a] musculomembranous tube that forms the passageway between the cervix uteri and the vulva." *Taber's Cyclopedic Medical Dictionary* 2055 (18th ed.1997). By this definition, therefore, the parties' and the circuit court's usage of "vagina" as the area subject to Mueller's sexual assault is technically incorrect. The proper term for the area subject to Mueller's assault is the "vulva," which is defined as "[t]hat portion of the female *external genitalia* lying posterior to the mons veneris, consisting of the labia majora, labia minora, clitoris, vestibule of the vagina, vaginal opening, and bulbs of the vestibule." *Id.* at 2100 (emphasis added). Hereinafter, therefore, except when quoting the parties and the circuit court, in the interest of technical accuracy and to effectuate the manifest intent both of the parties and the circuit court, we shall use the term "vulva" in place of "vagina."

2. This holding, however, was pointedly questioned in dictum by the majority in *State v. Arceo*, 84 Hawai'i 1 [928 P.2d 843] (1996), on the ground that "the plain language of HRS section 707–700 interposes 'any penetration, however slight' as a precondition to 'sexual penetration' in any of its forms.["]

3. The motions judge, Reynaldo D. Graulty has already held *Rulona* to be controlling in this case.

4. *This Court* agrees that *Rulona* controls, and also *agrees with what the majority in Arceo appears to suggest. Arceo* suggests that based on the language of section 707–700, cunnilingus without penetration is not sufficient to establish any offense in part V of chapter 707 that requires proof of "sexual penetration." *In other words, proof of penetration is required to establish the form of sexual assault in the first degree charged in this case notwithstanding that the [prosecution] has proved cunnilingus as defined in Rulona.*

5. *Accordingly, given the facts that have been found, if Rulona were not controlling, this Court would acquit Defendant of sexual assault in the first degree and instead find him guilty of the included offense of sexual assault in the third degree.*

6. *However, because Rulona has not been overruled, this Court finds Defendant guilty as charged.*

(Emphases added.)

On November 1, 2002, the circuit court sentenced Mueller to an indeterminate twenty-year maximum term of imprisonment.[4] On November 8, 2002, Mueller filed a timely notice of appeal.

## II. *STANDARD OF REVIEW*

 A "cardinal" canon of statutory construction is that this court "cannot change the language of the statute, supply a want, or enlarge upon it in order to make it suit a certain state of facts." *State v. Dudoit*, 90 Hawai'i 262, 271, 978 P.2d 700, 709 (1999) (quoting *State v. Buch*, 83 Hawai'i 308, 326, 926 P.2d 599, 617 (1996) (Levinson, J., concurring and dissenting) (quoting *State v. Meyer*, 61 Haw. 74, 78, 595 P.2d 288, 291 (1979))). This is because "[w]e do not legislate or make laws." *Dudoit*, 90·Hawai'i at 271, 978 P.2d at 709 (citations omitted). . . . *[S]ee also id.* at 270 n. 8, 978 P.2d at 708 n. 8 ("[A]s Justice Ramil himself [has] aptly observed, as author of this court's opinion in *State v. Richie*, 88 Hawai'i 19, 30, 960 P.2d 1227, 1230 (1998), '[i]t is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning.'" (Citations omitted.) (Some brackets added and some in original.)).

*State v. Yamada*, 99 Hawai'i 542, 552–53, 57 P.3d 467, 477–78, *reconsideration denied*, 100 Hawai'i 295, 59 P.3d 930 (2002) (some brackets added and some in original).

## III. *DISCUSSION*

C. *In Order To Convict Muller Of First Degree Sexual Assault, HRS § 707–730(1)(b), By Its Plain Language, Requires The Prosecution To Prove The Act Of "Sexual Penetration" Beyond A Reasonable Doubt, Which, Pursuant to HRS § 707–700, Entails Proof of "Penetration, However Slight."*

On appeal, Mueller contends that HRS § 707–700 defines "sexual penetration" as requiring "any penetration, however slight," such that, "where there is no intrusion or penetration[,] the enumerated sexual act [ (*i.e.*, Mueller's placing his tongue on the complainant's vulva) ] does not fit within the

---

4. On October 29, 2002, Mueller filed a motion for bail pending appeal. The circuit court granted the motion, remarking as follows:

[Mueller's] appeal ... raises a substantial question of law—that being whether *State v. Rulona* was wrongly decided and should be reversed because[,] as suggested in dictum in *State v. [Arceo*, 84 Hawai'i 1, 928 P.2d 843 (1996) ], cunnilingus without actual physical penetration is not sufficient to establish sexual penetration as defined in Section 707–700.

If the defendant prevails on this issue, the likely result is a reversal of the conviction in this case. . . .

So the· motion for bail pending appeal is granted. . . .

definition [of 'sexual penetration'] and a Sexual Assault in the First Degree cannot have been committed." The prosecution, relying on *Rulona*, responds that, in drafting HRS § 707–700, "the legislature considered all forms of oral stimulation ... [to be] 'sexual penetration'...." The prosecution further argues that "it is the legislature's prerogative to proscribe oral stimulation of female genitalia (tongue on vagina) as a class A felony [ (*i.e.*, sexual assault in the first degree) ] whereas penile stimulation of the same (penis on vagina) could have been a class C felony [ (*i.e.*, sexual assault in the third degree) ]." [5] Thus, the prosecution asserts that "[t]he *Rulona* court was correct in giving effect to the plain and obvious meaning of the statute ... [and that] the trial court correctly followed *Rulona* and convicted [Mueller] of Sexual Assault in the First Degree." We agree with Mueller that, as a precondition to convicting him of first degree sexual assault, in violation of HRS § 707–730(1)(b), the prosecution must prove beyond a reasonable doubt that he committed an act of "any penetration, however slight," as mandated by the plain language of the definition of "sexual penetration" contained in HRS § 707–700, and we so hold.

It is noteworthy that, in its answering brief on appeal, the prosecution has implicitly conceded that Mueller did not in fact subject the complainant to an act of penetration with his tongue:

> As the *sole issue* on appeal, Defendant questions whether an act of cunnilingus—*tongue on, not in, vagina*—constitutes "sexual penetration" within the meaning of Sexual Assault in the First Degree under H.R.S. Section 707(1)(b), O.B. at 26, and in so doing, urges this Honorable Court to overrule *Rulona*. *Id.* at 28. The [prosecution] disagrees, as *Rulona* was correctly decided.

**5.** HRS § 707–732 (1993) provided in relevant part:

> **Sexual assault in the third degree.** (1) A person commits the offense of sexual assault in the third degree if:
> ....
> (b) The person knowingly subjects to sexual contact another person who is less than fourteen years old or causes such a person to have sexual contact with the person[.]

(Emphases added.) Inasmuch as the fact of non-penetration is uncontested on appeal, our sole task is to construe the meaning of HRS §§ 707–700 and 707–730(1)(b) as they pertain to this case.

We have consistently held that this court "cannot change the language of the statute." *Yamada*, 99 Hawai'i at 552, 57 P.3d at 477 (internal citations and quotations omitted). Further to the foregoing, "where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning." *Id.* at 553, 57 P.3d at 478 (internal citations and quotations omitted). Indeed, in such cases "our sole duty is to give effect to the statute's plain and obvious meaning." *Id.* (internal citations and quotations omitted).

We have also held that

> "[i]t is a cardinal rule of statutory construction that courts are bound, if rational and practicable, to give effect to all parts of a statute, and that no clause, sentence or word shall be construed as superfluous, void, or insignificant if a construction can be legitimately found which will give force to and preserve all words of the statute."

*State v. Cummings*, 101 Hawai'i 139, 148 n. 4, 63 P.3d 1109, 1114 n. 4 (2003) (quoting *Franks v. City and County of Honolulu*, 74 Haw. 328, 339, 843 P.2d 668, 673 (1993)). Accordingly, the only reading of HRS § 707–700 that effectuates its plain meaning without rendering any part of the statute superfluous is that the requirement of "any penetration, however slight," applies to all forms of sexual penetration listed in the statute, including cunnilingus. To hold otherwise would render the last clause of the provision surplusage, in violation of a canon of statutory construction to which we have consistently adhered. It is true that some of the forms of sexual penetration listed in HRS § 707–700, such as

> ....
> (2) Sexual assault in the third degree is a class C felony.

Effective July 10, 2001, the legislature amended HRS § 707–732(1) in respects not material to this appeal, but left HRS § 707–732(1)(b) unchanged. *See* 2001 2d Sp. Haw. Sess. L. Act 1, § 2 at 941–42.

vaginal, anal, and deviate sexual intercourse, are penetrative by their very nature. Nevertheless, as discussed previously and elaborated upon *infra* in section III.B., we must recognize that the requirement of "any penetration, however slight" applies to every form of sexual penetration in order to effectuate fully the plain meaning of the statute, as well as to avoid an unconstitutional and impermissible result.

We are unwilling, as the prosecution would have us do, to pledge blind allegiance to this court's decision in *Rulona*, in which the defendant appealed one of his convictions of sexual assault in the first degree on the ground that there was "no allegation, nor any proof of penetration of the alleged victim's [vulva] by his tongue." 71 Haw. at 128, 785 P.2d at 616. The defendant argued that "first degree sexual assault, against a person under 14 years of age, requires sexual penetration, while third degree sexual assault, of such a person, merely requires sexual contact." *Id.* The *Rulona* court rejected the defendant's argument, reasoning that

[s]exual penetration is defined, among other things, in HRS § 707–700 as including cunnilingus. Cunnilingus is not defined in the penal code. The word is derived from the Latin word "cunnus" meaning the vulva and the Latin verb "linctus[,]" the act of licking, and thus is defined as the stimulation of the vulva, or clitoris, with the lips or tongue. *See Webster's New International Dictionary* (3d ed.1976).

It may seem anomalous that touching the vulva with the penis, without physical penetration, would apparently constitute sexual contact and, hence, in the case of a child under 14, would constitute third degree sexual assault, while touching the same spot with the tongue, without physical penetration, would nevertheless constitute sexual penetration for the purposes of the [HPC], and thus be sexual assault in the first degree. Nevertheless, it is the legislature's prerogative to act anomalously, if it wishes. The language of the statute is clear and [the defendant's] point … is not well taken.

*Id.* at 128–29, 785 P.2d at 616.

Since *Rulona*, however, we have questioned the foregoing reasoning. *See State v.*

*Arceo*, 84 Hawai'i 1, 928 P.2d 843 (1996). In *Arceo*, this court noted in dictum that,

[i]nasmuch as the plain language of HRS § 707–700 interposes "any penetration, however slight" as a precondition to "sexual penetration" in any of its forms, the *Rulona* court's analytical judgment that "sexual penetration" of the complainant had been proved as to the count at issue before it [ (*i.e.*, sexual assault in the first degree by cunnilingus on a child less than fourteen years of age) ] appears questionable to us.

*Id.* at 21, 928 P.2d at 862. Although the issues before us in *Arceo* did not require us to overrule *Rulona* in order to resolve the points of error with which we were dealing, the correct resolution of the present matter obliges us now to overrule *Rulona* to the extent that it is inconsistent with the reasoning set forth herein.

D. *Pursuant To The Modica Rule, The Prosecution Must Prove Actual "Penetration, However Slight," In Order To Convict Mueller Of Sexual Assault In The First Degree, In Violation Of HRS § 707–730(1)(b).*

As a corollary to the foregoing discussion, we note that the prosecution's argument for affirming Mueller's conviction under HRS § 707–730(1)(b) in the absence of proof of any actual "penetration" would violate what we have styled the "*Modica* Rule":

This court has ruled that

[a] denial of [the] rights [to due process and the equal protection of the laws] would … result … if a violation of [a] misdemeanor statute … would invariably and necessarily constitute a violation of [a] felony provision…. Thus, where the same act committed under the same circumstances is punishable either as a felony or as a misdemeanor, under either of two statutory provisions, and the elements of proof essential to either conviction are exactly the same, a conviction under the felony statute would constitute a violation of the defendant's rights to due process and the equal protection of the laws. [*State v. Modica*], 58 Haw. [249,] 250–51, 567 P.2d [420,] 421–22 [ (1977) ] (cita-

tions omitted). The *"Modica* rule," which applies equally to the possibility of prosecution and conviction under two differentially classed felonies (for example, under either a class B felony statute or a class C felony statute), was expressly reaffirmed in . . . *[State v.] Kuuku,* 61 Haw. [79,] 80–81[n. 1], 595 P.2d [291,] 293[n. 1] [ (1979) ]. . . .

[*State v. Aluli*], 78 Hawai'i [317, 324], [893] P.2d [168, 175] [ (1995) ] (Levinson, J., concurring) (some brackets and ellipsis points in original and some added).

*Arceo,* 84 Hawai'i at 22, 928 P.2d at 864 (some brackets added and some in original).

In the present matter, the only difference between the offense of sexual assault in the first degree (a class A felony), as set forth in HRS § 707–730(1)(b), *see supra* note 1, and the offense of sexual assault in the third degree (a class C felony), as set forth in HRS § 707–732(1)(b), *see supra* note 5, is whether the defendant subjected the complainant to "sexual penetration" or "sexual contact," respectively. Pursuant to HRS § 707–700, at least with respect to persons not married to each other, "sexual penetration" and "sexual contact" are distinguished, in substance, only by the requirement under the definition of "sexual penetration" that there be "any penetration, however slight":

> "Sexual contact" means any touching of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.
>
> "Sexual penetration" means vaginal intercourse, anal intercourse, fellatio, cunnilingus, anilingus, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; *it occurs upon any penetration, however slight,* but emission is not required. For purposes of this chapter, each

act of sexual penetration shall constitute a separate offense.

HRS § 707–700 (emphasis added).

Thus, inasmuch as the prosecution's interpretation of HRS § 707–700 would effectively render an act of "sexual penetration" by way of lingual/vulval touching identical to an act of "sexual contact" by way of lingual/vulval touching, the *"Modica* Rule" would require this court to strike down HRS § 707–730(1)(b), a class A felony, when the conduct at issue entailed lingual/vulval touching, inasmuch as its elements would be indistinguishable from those of HRS § 707–732(1)(b), a class C felony. *See supra* notes 1 and 5. Our interpretation of HRS § 707–700 as requiring some actual physical "penetration" in order to sustain a conviction under HRS § 707–730(1)(b), therefore, not only comports with the canons of statutory interpretation peppering our case law, but also avoids an unconstitutional and impermissible violation of the *"Modica* Rule."

■ Although we vacate Mueller's conviction of first degree sexual assault, we remand the matter to the circuit court with instructions to enter a judgment convicting Mueller of the included offense of sexual assault in the third degree. *See State v. Wallace,* 80 Hawai'i 382, 910 P.2d 695 (1996). In *Wallace,* we noted that

> it is well established that if an appellate court deems the evidence insufficient as a matter of law to support a jury's guilty verdict on a greater offense but finds the evidence sufficient to support a conviction on a lesser included offense, it may enter a judgment of conviction on that lesser included offense. [*State v. Malufau (Malufau II )*], 80 Hawai'i [126,] 135, 906 P.2d [612,] 621 [ (1995) ] (citations and brackets omitted).

For purposes of article I, section 10 [of the Hawai'i Constitution], a lesser included offense is an offense that is (1) "included" in a charged offense, within the meaning of HRS § 701–109(4) (1993),[6] and (2) "of a

6. HRS § 701–109(4) provides:

**Method of prosecution when conduct establishes an element of more than one offense.**
. . . .
(4) A defendant may be convicted of an offense included in an offense charged in the

indictment or the information. An offense is so included when:
(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

class and grade lower than the greater [charged] offense," as described in HRS §§ 701–109(4)(a) and 701–109(4)(c). *Malufau II*, 80 Hawai'i at 138, 906 P.2d at 624; [*State v. Malufau (Malufau I)*], 80 Hawai'i [126,] 134, 906 P.2d [612,] 620 [(1995)] (some brackets added and some in original) (footnotes omitted).

80 Hawai'i at 414–15, 910 P.2d at 727–28.

In the present matter, the offense of sexual assault in the third degree, in violation of HRS § 707–732(1)(b), is both "included" in the offense of sexual assault in the first degree, in violation of HRS § 707–730(1)(b), and "of a class and grade lower than," *id.* at 415, 910 P.2d at 728, that form of sexual assault in the first degree. *See* HRS § 701–109(4), *supra* note 6. Sexual assault in the first degree, in violation of HRS § 707–730(1)(b), requires the prosecution to prove, *inter alia,* that Mueller subjected the complainant to "sexual penetration." *See* HRS §§ 707–730(1)(b) and 707–700, *supra* notes 1 and 2. By contrast, sexual assault in the third degree, in violation of HRS § 707–732(1)(b), requires the prosecution to prove, *inter alia,* only "sexual contact." *See* HRS §§ 707–732(1)(b) and 707–700, *supra* notes 5 and 2. Accordingly, the latter is "included" within the former, for purposes of HRS § 701–109(4). *See supra* note 6. Moreover, sexual assault in the third degree, a class C felony, is "of a class and grade lower than" sexual assault in the first degree, a class A felony. *See* HRS §§ 707–730 and 707–732, *supra* notes 1 and 5; *Wallace,* 80 Hawai'i at 415, 910 P.2d at 728. Thus, pursuant to the rule we reaffirmed in *Wallace,* the offense of sexual assault in the third degree, in violation of HRS § 707–732(1)(b), is an offense included

 (b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

 (c) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, proper-

within the offense of sexual assault in the first degree, in violation of HRS § 707–730(1)(b).

At trial, the circuit court expressly found, *inter alia,* that Mueller knowingly placed his tongue upon the complainant's vulva; Mueller does not challenge this FOF on appeal. Thus, the evidence is sufficient to sustain a conviction of the offense of sexual assault in the third degree, in violation of HRS § 707–732(1)(b). As we have noted, the circuit court anticipated our holding here in its COLs:

> [G]iven the facts that have been found, if *Rulona* were not controlling, *this Court would acquit Defendant of sexual assault in the first degree and instead find him guilty of the included offense of sexual assault in the third degree.*

(Emphasis added.)

Pursuant to *Wallace,* therefore, we may instruct the circuit court on remand to "enter a judgment of conviction on [the] lesser included offense [of sexual assault in the third degree]." 80 Hawai'i at 415, 910 P.2d at 728.

## IV. CONCLUSION

Based on the foregoing analysis, we vacate the circuit court's judgment of conviction of and sentence for the offense of sexual assault in the first degree, in violation of HRS § 707–730(1)(b), and remand this matter to the circuit court for the entry of a judgment of conviction of the included offense of sexual assault in the third degree, in violation of HRS § 707–732(1)(b).

ty, or public interest or a different state of mind indicating lesser degree of culpability suffices to establish its commission.