STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ROBERT JAMES BEHRENDT aka RUNNING BEAR, Defendant-Appellant.
No. 29191.
Intermediate Court of Appeals of Hawaii.
November 4, 2009.
On the briefs:
Ronette M. Kawakami, Deputy Public Defender, for Defendant-Appellant.
Linda L. Walton, Deputy Prosecuting Attorney, County of Hawai`i, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
NAKAMURA, C.J., FOLEY and FUJISE, JJ.
Defendant-Appellant Robert James Behrendt aka Running Bear (Behrendt) appeals from the Judgment, Guilty Conviction and Sentence filed on April 16, 2008 in the Circuit Court of the Third Circuit (circuit court).[1] A jury convicted Behrendt of three counts of Sexual Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-732 (Supp. 2002) (Counts 1 through 3), and one count of Unlawful Imprisonment in the First Degree, in violation of HRS § 707-721 (1993) (Count 4).
On appeal, Behrendt argues for reversal on all counts and raises the following points of error:
1. At trial, the circuit court erroneously admitted character evidence in violation of Hawaii Rules of Evidence (HRE) Rules 404(b) and 403.
2. At trial, the circuit court erroneously admitted expert testimony, which impermissibly bolstered Complainant's credibility and cast Behrendt as a sex offender.
3. At trial, the circuit court erroneously admitted a witness's diary under HRE Rule 613(c) as a prior consistent statement when the witness's credibility had not first been impeached, as required under Rule 613(c).
4. The circuit court's refusal to stay the trial for one day due to the birth of Behrendt's child violated Hawai`i Rules of Penal Procedure (HRPP) Rule 43(a) and Behrendt's constitutional right of confrontation.
5. The circuit court erroneously instructed the jury on the included offense of Sexual Assault in the Third Degree for Counts 1 through 3 where there was no reasonable basis in the evidence for these counts.
6. The circuit court erred in giving the jury an incorrect definition of "sexual contact" as to Counts 1 through 3.
7. Because the State of Hawai`i (State) presented evidence of only sexual penetration and not sexual contact at trial, there was insufficient evidence to sustain Behrendt's conviction for three counts of Sexual Assault in the Third Degree.
8. The circuit court's inclusion of the phrase "exact date is not required" in the jury instructions as to Counts 1 through 3 amounted to plain error.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Behrendt's points of error as follows:
(1) The circuit court properly admitted evidence of Behrendt's prior bad acts under HRE Rule 404(b) as evidence of delayed reporting, preparation, planning, and common scheme. Delayed reporting was an issue of consequence in the trial because Complainant's silence over a two-year period of sexual abuse raised a serious issue as to her credibility.
Additionally, Behrendt insinuated that Complainant conveniently came forward to help Complainant's sister (Sister) win custody of Sister and Behrendt's child from Behrendt. The prior-bad-act evidence also explained a unique household dynamic that helped the trier-of-fact understand allegations of abuse in Hawai`i in general. The evidence was therefore relevant for a purpose other than mere propensity. See State v. Fetelee, 117 Hawai`i 53, 62, 175 P.3d 709, 718 (2008).
The circuit court's limiting instructions on the admission of this prior-bad-act evidence ameliorated any prejudice it may have created. We accordingly find no abuse of discretion. Id. at 63, 175 P.3d at 719.
(2) The circuit court properly admitted Dr. Bivens' testimony into evidence under HRE Rule 702. As HRE 702 requires, Dr. Bivens' expert testimony was relevant and reliable. His testimony was relevant because it helped to explain Complainant's repeated denial of sexual allegations, her late disclosure, and Sister's passive role in the ongoing sexual abuse. Additionally, Dr. Bivens never endorsed Complainant's version of events. See State v. Batangan, 71 Haw. 552, 563, 799 P.2d 48, 54 (1990) (expert opining on truthfulness of victim's testimony impermissible and prejudicial); see also State v. Morris, 72 Haw. 527, 528-29, 825 P.2d 1051, 1051-52 (1992) (following Batangan). Dr. Bivens merely opined on general conclusions drawn from studies of sexual abuse. Dr. Bivens' testimony was also reliable. See State v. Vliet, 95 Hawai`i 94, 106, 19 P.3d 42, 54 (2001). We find no abuse of discretion.
As a final matter, Dr. Bivens' testimony did not amount to a profiling of Behrendt as a sex offender. Dr. Bivens conceded on cross-examination that there was no scientific way to identify a sexual abuser. In closing, the State merely referenced Dr. Bivens' testimony to explain the progression of abuse that developed between Behrendt and Complainant. The State did not directly identify Behrendt as a sex offender. Any inference of profiling did not rise to the level of plain error, warranting a reversal. See State v. Aplaca, 96 Hawai`i 17, 22, 25 P.3d 792, 797 (2001) (declaring that plain error review is discretionary and the appellate court will deem harmless beyond a reasonable doubt any error, defect, irregularity, or variance that does not affect defendant's substantial rights).
(3) The admission of Sister's diary under HRE Rule 613(c) was not plain error. Although the State had not satisfied the requirements of Rule 613(c) at the time Sister's diary was admitted, Behrendt later argued that Sister's testimony had been recently fabricated and was influenced by bias and improper motive and Behrendt attacked Sister's credibility by imputation of inaccurate memory. The diary served as evidence of consistent statements of Sister made before the bias, motive for fabrication, and other improper motive were alleged, when events were recent and Sister's memory fresh.
At trial, the defense argued that Sister was afraid of losing their child to Behrendt, was jealous of Complainant, and was currently the girlfriend of her brother's friend. The defense referred to portions of the diary in its cross-examination of Sister on these matters and suggested that Sister's memory of her relationship with Behrendt was inaccurate. Additionally, Behrendt, in his closing argument, charged Sister with recent fabrication to get custody of their child. We therefore conclude the admission of Sister's diary did not constitute plain error.
(4) The circuit court did not violate HRPP Rule 43(b) and the confrontation clauses of the Hawai`i and United States Constitutions in refusing to stay the trial for one day on Behrendt's motion. In State v. Caraballo, 62 Haw. 309, 323, 615 P.2d 91, 100 (1980), the Hawai`i Supreme Court held that a defendant who voluntarily absents himself after a trial commences waives his right to be present at trial and the trial may continue as if he were present. Since, as Behrendt concedes, his absence to attend to his pregnant wife was voluntary, he effectively waived his right to be present at trial. Caraballo requires no further inquiry for a voluntary absence. We therefore conclude the circuit court did not err in refusing to stay the trial in Behrendt's voluntary absence.
(5) The amended definitions of "sexual contact" and "sexual penetration" apply only to Count 3 of the indictment. The amended definitions took effect on May 10, 2004. 2004 Haw. Sess. Laws Act 61 (hereinafter "Act 61"), § 8 at 304. Given this effective date, the amended definitions apply only to Count 3. See State v. Reis, 115 Hawai`i 79, 94-95, 165 P.3d 980, 995-96 (2007) (noting presumption against retroactive application of statutory amendments). In instructing the jury on this count, the circuit court stated: "Count 3, that the offense occurred between May, 2004, and August 23, 2004, exact date not required." Within this time frame, the amended definitions took effect and therefore were applicable to this count.
(a) As to Count 3, the legislative history of Act 61 reveals an intent to overturn the result in State v. Mueller, 102 Hawai`i 391, 76 P.3d 943 (2003), and "to clarify the legislature's intent that the definition of `sexual penetration' includes the acts of cunnilingus and anilingus whether or not actual penetration has occurred." 2004 Haw. Sess. Laws Act 61, § 2 at 302. Mueller prohibited the prosecution of sexual assault involving cunnilingus and anilingus as first-degree sexual assault absent proof of penetration. 102 Hawai`i at 394-97, 76 P.3d at 946-49. Act 61 redefined "sexual penetration" to include cunnilingus and anilingus, "whether or not actual penetration has occurred." 2004 Haw. Sess. Laws Act 61, § 3 at 303.
The legislative history of Act 61 indicates the legislature only intended to change the pre-amended definitions of "sexual penetration" and "sexual contact" to permit the prosecution of sexual assaults involving non-penetration cunnilingus and anilingus as first-degree sexual assault. However, in addition to redefining "sexual penetration," the legislature redefined "sexual contact" to mean "any touching, other than acts of `sexual penetration,' of the sexual or other intimate parts of a person not married to the actor . . .," with the underscored language added to the existing definition of "sexual contact." 2004 Haw. Sess. Laws Act 61, § 3 at 303. It appears the legislature added this phrase to avoid the potential Modica[2] issue identified in Mueller, 102 Hawai`i at 396-97, 76 P.3d at 948-49. This purpose could have been accomplished by narrowly excluding non-penetration cunnilingus and anilingus from the meaning of "sexual contact." Instead, by defining "sexual contact" to broadly exclude acts of "sexual penetration," the legislature appears to have created the anomalous situation in which acts of sexual penetration, including vaginal intercourse, do not fall within the meaning of "sexual contact."
Although the legislative history of Act 61 suggests that the amended definition of "sexual contact" was only meant to exclude non-penetration cunnilingus and anilingus, the plain language of the amended "sexual contact" definition excludes "acts of `sexual penetration.'" We conclude that with respect to Count 3, the circuit court erred in failing to instruct the jury on the amended definition of "sexual contact" and this error was not harmless. We further conclude there was sufficient evidence to prove that Behrendt engaged in "sexual contact" with respect to Count 3. Accordingly, we vacate Count 3 and remand for a new trial on that count.
(b) Pursuant to Mueller, we affirm Counts 1 and 2. Mueller recognizes that Sexual Assault in the Third Degree is an included offense of Sexual Assault in the First Degree. 102 Haw. at 398, 76 P.3d at 950. Behrendt concedes that the State presented evidence of sexual assault by "repeated sexual penetrations." This concession establishes the rational basis for the jury instruction on Sexual Assault in the Third Degree and the substantial evidence to support convictions on Counts 1 and 2. See State v. Kinnane, 79 Hawai`i 46, 50, 897 P.2d 973, 977 (1995) (emphasis in original; footnote omitted) ("Where there is such a rational basis in the evidence, . . . it may be plain error for a trial court to fail to give an included offense instruction."); see also State v. Richie, 88 Hawai`i 19, 33, 960 P.2d 1227, 1241 (1998) (noting that sufficiency of the evidence refers to substantial evidence supporting the jury's verdict). We accordingly affirm Counts 1 and 2.
(6) The language "exact date is not required" did not render the jury instructions confusing, misleading, or a misstatement of the law. Under established Hawai`i precedent, the exact date and time of a crime's commission is not a material element of the crime. State v. Arceo, 84 Hawai`i 1, 13, 928 P.2d 843, 855 (1996) (noting the point in the context of sexual abuse of minors); see also State v. Staley, 91 Hawai`i 275, 284, 982 P.2d 904, 913 (noting the point with respect to jury instructions). Therefore, use of the phrase is not inconsistent with Hawai`i law. Additionally, any prejudice arising from the use of the phrase does not amount to plain error. See State v. Nichols, 111 Hawai`i 327, 334, 141 P.3d 974, 981 (2006) (The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights.") Behrendt had the benefit of an unanimity instruction that directed the jury to "unanimously agree that the same act has been proved beyond a reasonable doubt" to prove an element of the charged offense. The jury therefore had to agree unanimously as to the exact act satisfying the element of the offense charged. The circuit court did not plainly err.
Therefore,
IT IS HEREBY ORDERED that the Judgment, Guilty Conviction and Sentence filed on April 16, 2008 in the Circuit Court of the Third Circuit is affirmed as to Counts 1 and 2 and vacated as to Count 3, and this case is remanded for a new trial on Count 3.
NOTES
[1] The Honorable Elizabeth A. Strance presided.
[2] State v. Modica, 58 Haw. 249, 567 P.2d 420 (1977).