85 P.3d 178

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Cynthia HAUGEN, Defendant–Appellant.**

**No. 25712.**

Supreme Court of Hawai'i.

Feb. 24, 2004.

Loren J. Thomas, deputy prosecuting attorney, on the briefs, for the plaintiff-appellee State of Hawai'i.

Deborah L. Kim, deputy public defender, on the briefs, for the defendant-appellant Cynthia Haugen.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by LEVINSON, J.

The defendant-appellant Cynthia Haugen appeals from the judgment of the first circuit court, the Honorable Karen S.S. Ahn presiding, filed on February 24, 2003, convicting her of and sentencing her for the offenses of promoting a dangerous drug in the third degree, in violation of Hawai'i Revised Statutes (HRS) § 712–1243 (1993 & Supp.2002)[1] (Count I), unlawful use of drug paraphernalia, in violation of HRS § 329–43.5(a) (1993)[2] (Count II), and promoting a detrimental drug in the third degree, in violation of HRS § 712–1249 (1993)[3] (Count III). Haugen's

---

1. HRS § 712–1243 provides:

**Promoting a dangerous drug in the third degree.** (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount.

(2) Promoting a dangerous drug in the third degree is a class C felony.

(3) Notwithstanding any law to the contrary, except for first-time offenders sentenced under section 706–622.5, if the commission of the offense of promoting a dangerous drug in the third degree under this section involved the possession or distribution of methamphetamine, the person convicted shall be sentenced to an indeterminate term of imprisonment of five years with a mandatory minimum term of imprisonment, the length of which shall be not less than thirty days and not greater than two-and-a-half years, at the discretion of the sentencing court. The person convicted shall not be eligible for parole during the mandatory period of imprisonment.

2. HRS § 329–43.5(a) provides:

**Prohibited acts related to drug paraphernalia.** (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706–660 and, if appropriate as provided in section 706–641, fined pursuant to section 706–640.

3. HRS § 712–1249(1) provides in relevant part that "[a] person commits the offense of promoting a detrimental drug in the third degree if the person knowingly possesses any marijuana or any Schedule V substance in any amount."

sole contention on appeal is that the circuit court erred in failing to sentence her pursuant to HRS § 706–622.5 (Supp.2002).[4] In response, the State of Hawai'i [hereinafter, "the prosecution"] argues that the circuit court correctly denied Haugen's oral motion for sentencing pursuant to HRS § 706–622.5 because Haugen was not a first-time drug offender. On the record before us, we agree with the prosecution that, notwithstanding the plain and unambiguous language of HRS § 706–622.5, the statute was inapplicable to Haugen's sentence because Haugen is not a first-time drug offender and therefore does not fall within the intended scope of HRS § 706–622.5. In this regard, we hold that defendants with prior felony convictions of drug offenses are disqualified from sentencing pursuant to HRS § 706–622.5, as presently written, even if the convictions occurred in other jurisdictions and therefore not "under part IV of [HRS] chapter 712," so long as the offenses would implicate part IV of HRS chapter 712 if committed in Hawai'i. *See supra* note 4. Accordingly, we affirm the circuit court's February 24, 2003 judgment of conviction and sentence.

4. HRS § 706–622.5 provides:

**Sentencing for first-time drug offenders; expungement.** (1) Notwithstanding any penalty or sentencing provision under part IV of chapter 712, a person convicted for the first time for any offense under part IV of chapter 712 involving possession or use, not including to distribute or manufacture as defined in section 712–1240, of any dangerous drug, detrimental drug, harmful drug, intoxicating compound, marijuana, or marijuana concentrate, as defined in section 712–1240, or involving possession or use of drug paraphernalia under section 329–43.5, who is nonviolent, as determined by the court after reviewing the:

(a) Criminal history of the defendant;

(b) Factual circumstances of the offense for which the defendant is being sentenced; and

(c) Other information deemed relevant by the court;

shall be sentenced in accordance with subsection (2); provided that the person does not have a conviction for any violent felony for five years immediately preceding the date of the commission of the offense for which the defendant is being sentenced.

(2) A person eligible under subsection (1) shall be sentenced to probation to undergo and complete a drug treatment program. If the person fails to complete the drug treatment

## I. BACKGROUND

On September 27, 2002, the prosecution charged Haugen by complaint with (1) promoting a dangerous drug in the third degree, in violation of HRS § 712–1243 (Count I), *see supra* note 1, (2) unlawful use of drug paraphernalia, in violation of HRS § 329–43.5 (Count II), *see supra* note 2, and promoting a detrimental drug in the third degree, in violation of HRS § 712–1249 (1993) (Count III), *see supra* note 3, as follows:

*Count I:* On or about the 18th day of September, 2002, in the City and County of Honolulu, State of Hawai'i, CYNTHIA HAUGEN, did knowingly possess the dangerous drug methamphetamine, thereby committing the offense of Promoting a Dangerous Drug in the Third Degree, in violation of Section 712–1243 of the Hawai'i Revised Statutes.

*Count II:* On or about the 18th day of September, 2002, in the City and County of Honolulu, State of Hawai'i, CYNTHIA HAUGEN, did use or possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, pre-

program and if no other suitable treatment is amenable to the offender, the person shall be returned to court and subject to sentencing under the applicable section under this part. As a condition of probation under this subsection, the court shall require an assessment as to the treatment needs of the defendant, conducted by a person certified by the department of health to conduct the assessments. The drug treatment program for the defendant shall be based upon the assessment. The court may require the person to contribute to the cost of the drug treatment program.

(3) For the purposes of this section, "drug treatment program" means drug or substance abuse services provided outside a correctional facility, but the services do not require the expenditure of state moneys beyond the limits of available appropriations.

(4) The court, upon written application from a person sentenced under this part, shall issue a court order to expunge the record of arrest for that particular conviction; provided that a person shall be eligible for one time only for expungement under this subsection.

(5) Nothing in this section shall be construed to give rise to a cause of action against the State, state employee, or treatment provider.

HRS § 706.622.5 took effect on July 1, 2002. *See* 2002 Haw. Sess. L. Act 161, § 12 at 575.

pare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of Chapter 329 of the Hawai'i Revised Statutes, thereby committing the offense of Unlawful Use of Drug Paraphernalia, in violation of Section 329–43.5(a) of the Hawai'i Revised Statutes.

*Count III:* On or about the 18th day of September, 2002, in the City and County of Honolulu, State of Hawai'i, CYNTHIA HAUGEN, did knowingly possess marijuana, thereby committing the offense of Promoting a Detrimental Drug in the Third Degree, in violation of Section 712–1249 of the Hawai'i Revised Statutes....

On November 20, 2002, Haugen entered no contest pleas with respect to all three counts.

On February 24, 2003, the circuit court conducted a sentencing hearing, during which the prosecution apparently proffered a certified copy of a document reflecting a felony drug conviction occurring in the State of Nevada and adjudicating Haugen guilty of the offense of "conspiracy to traffic in controlled substances."[5] Based on the foregoing conviction, the prosecution argued that Haugen was not a "first-time drug offender" and that the provisions of HRS § 706–622.5, *see supra* note 4, were therefore unavailable to her. The prosecution further contended that, "as a matter of policy, as a matter of intent, as a matter of legislative purpose, given some of the ambiguity in the statute, ... [HRS § 706–622.5] simply can't apply in a case of this kind, particularly where the [out-of-state] crime was not simply drug possession but distribution...." Thus, the prosecution orally moved that the circuit court sentence Haugen to a mandatory minimum term of imprisonment pursuant to HRS § 712–1243(3). *See supra* note 1.

In response, Haugen orally moved for the application of HRS § 706–622.5 to her sentencing, asserting that "the statute is plain

on its face ... [that] only prior ... drug convictions within the state of Hawai'i ... would take her out of the ambit of [Act] 161 [(*i.e.*, HRS § 706–622.5)]." Inasmuch as Haugen had no prior convictions for any offense under part IV of HRS chapter 712, she contended that she was subject to the provisions of HRS § 706–622.5.

After hearing arguments from both parties, the circuit court stated:

THE COURT: ... For the court to restrict these prior convictions to Hawai'i convictions under Chapter 712, I think, just flies in the face of what Act 161, I think, was trying to do. So I am going to have to agree with the State, that it would make no sense to say that you may suffer a number of drug convictions in other jurisdictions but still be eligible under 161 in Hawai'i....

The circuit court orally sentenced Haugen to two concurrent and indeterminate five-year maximum terms of imprisonment as to Counts I and II, subject to a mandatory minimum thirty-day prison term as to Count I. *See supra* note 1. The circuit court also sentenced Haugen to a concurrent thirty-day term of imprisonment as to Count III. On February 24, 2003, the circuit court entered its judgment of conviction and sentence.

On March 14, 2003, the circuit court entered a written decision and order denying Haugen's oral motion for application of HRS § 706–622.5 to her sentencing, ruling as follows:

(1) WHEREAS, at sentencing on February 24, 2003, Defendant orally moved for the application of ACT 161 (June 7, 2002) to sentencing;

(2) AND WHEREAS, on October 6, 1994, Defendant was convicted of Conspiracy [to] Traffic [a] Controlled Substance, in Las Vegas, Nevada;

---

5. The record on appeal contains neither a certified copy of any document reflecting Haugen's Nevada conviction nor any reference to the section of the Nevada Revised Statutes that Haugen ostensibly violated. Nevertheless, the record does include the circuit court's decision and order denying Haugen's oral motion for the appli-

cation of HRS § 706–622.5 to her sentencing, *see infra,* which provides in relevant part that "on October 6, 1994, Defendant was convicted of Conspiracy [to] Traffic [a] Controlled Substance, in Las Vegas, Nevada; ... said conviction was for a felony drug offense involving a dangerous, detrimental or harmful drug...."

(3) AND WHEREAS, said conviction was for a felony drug offense involving a dangerous, detrimental or harmful drug;

(4) AND WHEREAS, had the Nevada offense been committed in the State of Hawai'i it would have been an offense under Part IV of Chapter 712 of the *Hawai'i Revised Statutes;*

(5) AND WHEREAS, Defendant has therefore been previously convicted of an offense described "under" part IV of chapter 712 of the *Hawai'i Revised Statutes;*

(6) AND WHEREAS, the express legislative purpose of ACT 161 (June 7, 2002) is to apply to "first time non-violent" drug offenders;

(7) AND WHEREAS, by virtue of her prior conviction Defendant cannot be considered to be a "first time" drug offender;

NOW THEREFORE IT IS HEREBY ORDERED:

Defendant's Oral Motion for application of ACT 161 (June 7, 2002) to sentencing is DENIED.

(Emphases in original.) On March 21, 2003, Haugen filed a notice of appeal from the circuit court's February 24, 2003 judgment of conviction and sentence. On April 1, 2003, the circuit court granted Haugen's motion for stay of execution of mittimus pending appeal; Haugen is currently on supervised release during the pendency of this appeal.

## II. *STANDARD OF REVIEW*

■ A "cardinal" canon of statutory construction is that this court "cannot change the language of the statute, supply a want, or enlarge upon it in order to make it suit a certain state of facts." *State v. Dudoit,* 90 Hawai'i 262, 271, 978 P.2d 700, 709 (1999) (quoting *State v. Buch,* 83 Hawai'i 308, 326, 926 P.2d 599, 617 (1996) (Levinson, J., concurring and dissenting) (quoting *State v. Meyer,* 61 Haw. 74, 78, 595 P.2d 288, 291 (1979))). This is because

"[w]e do not legislate or make laws." *Dudoit,* 90 Hawai'i at 271, 978 P.2d at 709 (citations omitted).... *[S]ee also id.* at 270 n. 8, 978 P.2d at 708 n. 8 ("[A]s Justice Ramil himself [has] aptly observed, as author of this court's opinion in *State v. Richie,* 88 Hawai'i 19, 30, 960 P.2d 1227, 1230 (1998), '[i]t is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond·that language for a different meaning. Instead, our sole duty is to give effect to the statute's plain and obvious meaning.'" (Citations omitted.) (Some brackets added and some in original.)).

*State v. Smith,* 103 Hawai'i 228, 233, 81 P.3d 408, 413 (2003) (quoting *State v. Mueller,* 102 Hawai'i 391, 394, 76 P.3d 943, 946 (2003) (quoting *State v. Yamada,* 99 Hawai'i 542, 552–53, 57 P.3d 467, 477–78, *reconsideration denied,* 100 Hawai'i 295, 59 P.3d 930 (2002) (some brackets added and some in original))).

## III. *DISCUSSION*

■ On appeal, Haugen contends that the circuit court erred in failing to sentence her pursuant to the terms of HRS § 706–622.5, as evidenced by (1) the statute's plain language, (2) an *in pari materia* reading of HRS § 706–622.5 and other sentencing statutes, (3) the "rule of lenity," [6] and (4) the legislative history of HRS § 706–622.5. In response, the prosecution argues that the circuit court correctly denied Haugen's oral motion for the application of HRS § 706–622.5 to her sentence because, given Haugen's Nevada conviction, her convictions in the present matter were not her "first drug offenses." The prosecution acknowledges that HRS § 706–622.5 "does not mention prior drug convictions from other jurisdictions" but urges us to look beyond the text of the statute to its legislative history, which the prosecution asserts reflects the legislature's

---

6. This court has recognized that "[a]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *State v. Sakamoto,* 101 Hawai'i 409, 413 n. 3, 70 P.3d 635, 639 n. 3 (2003) (internal citations and quotation signals omitted). This "policy of lenity means that the [c]ourt will not interpret a [state] criminal

statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the legislature] intended." *Id.* (internal citations and quotation signals omitted) (some brackets added and some in original).

clear intent ... to give treatment rather than incarcerate ... first time drug offenders and not to give this break to serious drug offenders, either because they are currently involved in more than mere possession or through their history evidence that they have a drug problem and/or have chosen to make drugs part of their lifestyle.

The prosecution further asserts that "there is no support in the legislative history that the Legislature thought geography was relevant to [the] determination [of first-time drug offenders]."

In her reply brief, Haugen contends that, "because the language contained in HRS § 706–622.5 is plain and unambiguous, the Court simply has no authority to go beyond the plain meaning of the language used in the statute and enlarge upon it to make it suit a certain state of facts." (Internal quotation signals omitted.)

■ For the reasons discussed *infra*, we are constrained to agree with the prosecution. In *State v. Smith*, 103 Hawai'i 228, 81 P.3d 408 (2003),

> [w]e ... observed that " *'[i]t is a cardinal rule of statutory interpretation that, where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning."* *Mueller*, 102 Hawai'i at 394, 76 P.3d at 946 (internal citations and quotation signals omitted) (emphasis added). Thus, we ...· noted that our *"sole duty is to give effect to the statute's plain and obvious meaning.'"* *Id.* (internal citations and quotation signals omitted) (emphasis added).

*Id.* at 234, 81 P.3d at 414. In *Lamie v. United States Trustee*, 540 U.S. 526, 124 S.Ct. 1023, 157 L.Ed.2d 1024, 72 U.S.L.W. 4152 (U.S. Jan. 26, 2004), the United States Supreme Court recently made the following analogous observation:

> If Congress enacted into law something different from what it intended, then it should amend the statute to conform it to its intent. "It is beyond our province to rescue Congress from its drafting errors, and to provide for what we might think ...

is the preferred result." *United States v. Granderson*, 511 U.S. 39, 68, 114 S.Ct. 1259, 127 L.Ed.2d 611 (1994) (concurring opinion). This allows both of our branches to adhere to our respected, and respective, constitutional roles. In the meantime, we must determine intent from the statute before us.

*Id.* at 1034, 72 U.S.L.W. at 4156.

■ On the other hand, our rules of "plain language" construction, under certain circumstances, do not end with the forgoing axiom.

> [W]e abide by several established rules of statutory construction. "First, our foremost obligation is to ascertain and give effect to the intention of the legislature, which is obtained primarily from the language contained in the statutes themselves." [*State v.]Arceo*, 84 Hawai'i 1,] 19, 928 P.2d [843,] 861 [ (1996) ] (citation, internal quotation marks, and brackets omitted). Second, "we must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose." *Gray[v. Administrative Director of the Court* ], 84 Hawai'i 138,] 148, 931 P.2d [580,] 590 [ (1997) ] (quoting [*State v.] Toyomura*, 80 Hawai'i 8,] 18–19, 904 P.2d [893,] 903–04 [ (1995) ] (citation, internal quotation marks, and brackets omitted)).

> In other words, "[t]he reason and spirit of the law, and the cause which induced the legislature to enact it, may be considered to discover its true meaning." HRS § 1–15(2) (1993). Moreover, "[l]aws *in pari materia*, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." HRS § 1–16 (1993). *See also Toyomura*, 80 Hawai'i at 19 n. 16, 904 P.2d at 904 n. 16 (citations and internal quotation signals omitted).

*Id.* at 148 n. 15, 931 P.2d at 590 n. 15. And third,

> *"the legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction, and illogi-*

cality." *State v. Griffin*, 83 Hawai'i 105, 108 n. 4, 924 P.2d 1211, 1214 n. 4 (1996) (quoting *State v. Malufau*, 80 Hawai'i 126, 137, 906 P.2d 612, 623 (1995) (citations and internal quotation marks omitted)) (brackets and internal quotation marks omitted). *See also* HRS § 1–15(3) (1993) ("*Every construction which leads to an absurdity shall be rejected.*"). *Id.* at 148, 931 P.2d at 590.

*State v. Cornelio*, 84 Hawai'i 476, 484, 935 P.2d 1021, 1029 (1997) (emphases added) (some brackets added and some in original). Accordingly, this court has departed from literal interpretations of "plain, obvious, and unambiguous" statutes under the following conditions:

> "[T]his court is ... willing to look beyond the plain, obvious, and unambiguous language of a statute, the facial constitutionality of which is not at issue, for the purpose of ascertaining its underlying legislative intent, but only if *a literal construction 'would produce an absurd and unjust result.'*" *State v. Buch*, 83 Hawai'i 308, 326–27, 926 P.2d 599, 617–18 (1996) (Levinson, J., concurring and dissenting) (citing *Sandy Beach Defense Fund v. City Council of the City and County of Honolulu*, 70 Haw. 361, 773 P.2d 250 (1989), and *Franks v. City and County of Honolulu*, 74 Haw. 328, 843 P.2d 668 (1993)) (emphasis in original) (footnote omitted). *See also* HRS § 1–5(3) (1993) (providing that "*[e]very construction which leads to an absurdity shall be rejected*").

*Dudoit*, 90 Hawai'i at 270, 978 P.2d at 708 (emphases added).

In the present matter, HRS § 706–622.5 describes its scope in "plain, obvious, and unambiguous" terms: "[A] person convicted for the first time for any offense under part IV of [HRS] chapter 712 ... shall be sentenced to probation to undergo and complete a drug treatment program." *See supra* note 4. It is undisputed that Haugen's convictions in the instant case are her first offenses under part IV of HRS chapter 712. Thus, based on the "plain and obvious meaning" of HRS § 706–622.5, Haugen's Nevada conviction would seem not to fall within the purview of the statute.

As we have previously stated, however, "the legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction, and illogicality." *Cornelio*, 84 Hawai'i at 484, 935 P.2d at 1029 (internal quotation signals and citations omitted). The foregoing construction is inconsistent with, contrary to, and illogical in light of the manifest intent of HRS § 622.5, which is entitled, "[s]entencing for *first-time* drug offenders." (Emphasis added.) The preamble to the statute states that "[t]he purpose of this Act is to require *first time* non-violent drug offenders, including probation and parole violators, to be sentenced to undergo and complete drug treatment instead of incarceration." 2002 Haw. Sess. L. Act 161, § 1 at 571 (emphasis added).

Although we have noted that it is undisputed that Haugen's convictions in the instant case are her first offenses under part IV of HRS chapter 712, we also observe that Haugen is *not* truly a first-time drug offender, as evidenced by her 1994 felony drug conviction in Nevada. If we were to construe HRS § 622.5 as excluding any prior drug convictions not obtained under Hawai'i law, we would be requiring trial courts to sentence all first-time violators of the provisions of part IV of HRS chapter 712 to probation, even if such defendants sported multiple prior federal or out-of-state felony drug convictions. Inasmuch as "a literal construction [of HRS § 622.5] would produce an absurd and unjust result," we are "willing to look beyond the plain, obvious, and unambiguous language of [the] statute ... [and] ascertain[ ] its underlying legislative intent." *Dudoit*, 90 Hawai'i at 270, 978 P.2d at 708 (internal quotation signals and citations omitted). That intent, as noted *supra*, is plainly reflected in the statute's preamble. The circuit court therefore correctly sentenced Haugen in accordance with the provisions of HRS § 712–1243(3), *see supra* note 1, rather than HRS § 706–622.5.

## IV. CONCLUSION

For the foregoing reasons, we affirm the circuit court's February 24, 2003 judgment of conviction and sentence.