Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001518
22-SEP-2014
10:49 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---


STATE OF HAWAI'I, Plaintiff-Appellant, v.
FRED E. WILLIAMS, also known as
FREDERICK ERNEST WILLIAMS, JR., Defendant-Appellee


NO. CAAP-13-0001518


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 13-1-0025)


SEPTEMBER 22, 2014


FOLEY, PRESIDING JUDGE, FUJISE AND LEONARD, JJ.


OPINION OF THE COURT BY FUJISE, J.

I.

In this drug and drug paraphernalia prosecution,
Plaintiff-Appellant State of Hawai'i (State) appeals from the
Findings of Fact, Conclusions of Law, and Order Granting
Defendant's Motion to Suppress Evidence (Suppression Order)
entered by the Circuit Court of the First Circuit (Circuit
Court)[1] on May 21, 2013.

On appeal, the State maintains that the Circuit Court
erred in granting Defendant-Appellee Fred E. Williams's
(Williams) Motion to Suppress Evidence. The Circuit Court
suppressed evidence seized from Williams at the time of his

---

[1] The Honorable Rom A. Trader presided.

arrest as unlawful fruit of an illegal arrest effected in violation of the limitations contained in the bench warrant. We conclude that the Circuit Court erred in interpreting the terms of the bench warrant, vacate the Suppression Order, and remand for further proceedings.

## II.

The arresting police officer learned of the outstanding bench warrant for Williams's arrest[2] on January 2, 2013, while in the process of citing Williams for remaining in Cartwright Park after the closing time stated on posted signs in the park.[3] The December 8, 2011 warrant for Williams's arrest stated that it could not be executed between the hours of 10:00 p.m. and 7:00 a.m. "on premises not open to the public." After Williams was placed in handcuffs, the arresting police officer found "a cylindrical glass pipe with a bulbous end[,]" two lighters, and "a small plastic Ziploc type baggie" on Williams's person.

In granting Williams's motion to suppress, the Circuit Court ruled that the police officers' execution of the subject bench warrant exceeded its scope and therefore suppressed the evidence seized as a result of a search incident to that arrest. The Circuit Court reasoned that, as the warrant specified that it could not be executed between the hours of 10:00 p.m. and 7:00 a.m. "on premises not open to the public," and Cartwright Park was closed at the time the warrant was executed, the park was not "open to the public" and therefore the warrant did not authorize Williams's arrest.

The time limitation contained in the warrant was mandated by Hawaiʻi Rules of Penal Procedure (HRPP) Rule 9(b), which provides in relevant part:

> (1) WARRANT. The warrant shall be in such form as may be prescribed by the issuing court and shall
>
> . . . .

---

[2] The bench warrant was issued for failing to "appear, make payment and/or comply with the court's order" in the pending prosecution for the misdemeanor offense of Assault in the Third Degree, in violation of Hawaii Revised Statutes § 707-712(1)(a) (1993).

[3] Cartwright Park is a public park; signs posted state that the park closes at 10:00 p.m. and reopens at 5:00 a.m.

> (vii) contain a prohibition against execution of the warrant between 10:00 p.m. and 7:00 a.m. on premises not open to the public, unless a judge of the district or circuit court permits execution during those hours in writing on the warrant[.]

"When interpreting rules promulgated by the court, principles of statutory construction apply. Interpretation of a statute is a question of law which we review *de novo*." Molinar v. Schweizer, 95 Hawai'i 331, 334-35, 22 P.3d 978, 981-82 (2001) (citations and internal quotation marks omitted). Generally speaking, "where the terms of a statute are plain, unambiguous and explicit, we are not at liberty to look beyond that language for a different meaning." State v. Haugen, 104 Hawai'i 71, 75, 85 P.3d 178, 182 (2004) (citation and internal quotation marks omitted; block quote format altered). However, where "a literal construction would produce an absurd and unjust result[,]" Id. at 77, 85 P.3d at 184 (citation, internal quotation marks, and emphasis omitted; block quote format altered), resort to the legislative history to discern the intent behind the language is permissible.

The State argues that the Circuit Court's interpretation "produces an absurd and illogical result." The Circuit Court suggested, in its oral ruling, that the police should have cited Williams for being in the park after it was closed and then arrested him pursuant to the warrant only after he exited the park grounds. There is nothing about the boundary between a public park and the public sidewalk outside of the park that provides any greater expectation of privacy once the park is closed for the night. Given the prohibition against entrance into a public park during certain night hours, it would defy logic to conclude that a person illegally within a closed, but public, park is simultaneously intended to be protected from execution of a warrant because he or she was present in the closed park.

The Judicial Council of Hawaii's Committee on Revision of the Rules of Criminal Procedure (June 1975) proposed the language present in the current HRPP Rule 9(b)(vii). The Committee's Note to Rule 9 stated that the proposed Rule 9(b)(vii) "prohibits execution on non-public premises during the

nighttime hours unless allowed by the judge. A similar provision is in [District Court Rules of Criminal Procedure] 17, but its phrasing referring to 'private' premises is not used to avoid questions of technical title." The State argues that the "use of the expression 'premises not open to the public' [by HRPP Rule 9(b)(vii)] was intended to merely serve as a substitute for the expression 'private premises' to 'avoid questions of technical title.'"

We agree with the State that the phrase "open to the public" was meant by the drafters to include public places and not to limit the execution of arrest warrants to particular hours of operation. Indeed, to confine execution of such warrants on public property only to those hours the property is technically "open" is to make the exception a nullity. To the extent public property has hours of operation, those hours are not likely to include the prohibited time period between 10:00 p.m. and 7:00 a.m. Moreover, the reason to restrict the nighttime execution of warrants -- society's abhorrence of nighttime intrusions into a person's home, based on a "greater expectation of privacy that individuals possess in their homes at night" and recognition that "ordinarily a nighttime search [poses] a heightened safety risk since people may tend to overreact to an entry by force in the dead of night[,]" and "darkness may exacerbate [their] reaction or heighten confusion inherent in a search[,]" see State v. Richardson, 80 Hawai'i 1, 7, 904 P.2d 886, 892 (1995) -- is absent when the execution of the warrant is done on public property.

Williams argues that the Circuit Court's decision should be affirmed on other grounds because Williams was detained by Officer Kim "for a longer period than was absolutely necessary" to complete the investigation and issue a citation for being in a public park after hours in violation of Revised Ordinances of Honolulu § 10-1.2(a)(12). However, as the Circuit Court did not find that the police detained Williams longer than necessary to issue the citation and did not rule on this basis, we decline to consider the argument for the first time on appeal. See State v. Fox, 70 Haw. 46, 56 n.2, 760 P.2d 670, 676 n.2

(1988) (factors in recognizing plain error include whether consideration of the issue requires additional facts).

III.

Based on the foregoing, we vacate the May 21, 2013 Suppression Order entered by the Circuit Court of the First Circuit and remand for proceedings consistent with this opinion.

On the briefs:

Brandon H. Ito,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

William H. Jameson, Jr.,
Deputy Public Defender,
for Defendant-Appellee.