*** FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER ***

Electronically Filed
Supreme Court
SCWC-22-0000690
22-JUN-2026
09:04 AM
Dkt. 36 OP

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

KOA KAAKIMAKA,
Petitioner/Defendant-Appellant.

SCWC-22-0000690

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-22-0000690; CASE NO. 3CPC-21-0000224)

JUNE 22, 2026

DEVENS, C.J., McKENNA, AND EDDINS, JJ., AND
CIRCUIT JUDGE SOUZA, ASSIGNED BY REASON OF VACANCY;
WITH GINOZA, J., CONCURRING SEPARATELY

OPINION OF THE COURT BY EDDINS, J.

**I.**

A man stood outside a vacation home and held his phone up to a high bathroom window. A teenaged girl was inside, in the shower. She saw the phone. She saw a hand. She did not see

the man, because the man was never in the room with her.  He was outside.

The State charged the man with a single count, violation of privacy in the first degree, Hawai'i Revised Statutes (HRS) § 711-1110.9(1)(a) (Supp. 2018).  The statute makes it a class C felony for a person to "intentionally or knowingly install[] or use[], or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity in that place[.]"  HRS § 711-1110.9(1)(a) (emphases added).

"In" means inside.  The statute uses that preposition twice.  The device must be installed or used "in" the private place, and the person recorded must be "in that place."  Both point inward.  The clause "without consent of the person or persons entitled to privacy therein" reinforces the spatial requirement.

The evidence showed that the phone was outside a screen that covered a glass window.  The man stood beneath the window and held the phone up.  He never entered the bathroom.  Neither did the phone.

Article I, section 5 of the Hawai'i Constitution forbids the State from depriving any person of liberty without due process of law.  Due process demands proof of every element of every

offense, beyond a reasonable doubt.  The State did not, and on this record could not, prove that the device was used "in" the private place.

The conviction cannot stand.  We reverse.

## II.

Koa Kaakimaka was tried over two days in the Circuit Court of the Third Circuit.

The trial evidence, largely undisputed, established the following.

In June 2018, a woman and her family vacationed at a rental home on Hawai'i Island.  The woman's 15-year-old daughter went to shower.  The shower was a walk-in.  It had no door.  It sat inside an enclosed bathroom.  One wall had a window.

The teenager took her phone into the shower.  Music was playing.  She washed her hair.  She sang along.  Then she looked up.  A phone was in the window, shaking, as if whoever held it was trying to prop themselves up.  Behind it she could make out a hand, a wrist, the top of a head.  The phone was a white or silver iPhone 5s.  Outside the glass.

The girl panicked.  She texted her mother.  She screamed.  Her mother came in and found her cowering nude against the wall under the window.  The mother threw a towel around her daughter, went outside to check, and called the police.

A Hawai'i County Police Department officer responded. He photographed the bathroom and the area outside the window. Those photographs showed that the window sat about six feet above the ground on the exterior wall of the bathroom. A window screen covered the outside of the glass. The roof of the house overhung the window. When the officer tried to record through the screen himself, the result was an image laced with the cross-hatching of the screen mesh.

The officer located Kaakimaka at the rental property. Kaakimaka had a phone matching the girl's description. In a recorded interview, Kaakimaka admitted he had tried to videorecord the shower area through the bathroom window with his phone. He said he deleted the recording. No recording was recovered.

The jury convicted Kaakimaka as charged.

Kaakimaka appealed, raising jury-instruction issues, insufficient evidence, a suppression challenge, and a deficiency in the indictment.

A divided Intermediate Court of Appeals (ICA) panel vacated the conviction on charging-document grounds. Because the ICA plurality held that the evidence was sufficient to convict, it dismissed the indictment without prejudice. Judge Hiraoka dissented on sufficiency. He concluded that the plain statutory language requires the device to be "in" the private place.

Because, "[t]he State did not introduce evidence that Kaakimaka or his phone were 'in' the bathroom where [the teenager] was showering," Judge Hiraoka reasoned that there was insufficient evidence to convict Kaakimaka.

The State sought cert.

This court accepted cert and decided only the charging-document issue. State v. Kaakimaka, 156 Hawai'i 302, 305, 574 P.3d 767, 770 (2025). The indictment properly charged Kaakimaka, we ruled. Id. The case was remanded to the ICA to address Kaakimaka's other points of error. Id.

On remand, the ICA rejected Kaakimaka's remaining points of error. Judge Hiraoka concurred in part and dissented in part. He pointed out that this court had mistakenly stated that the ICA had not addressed sufficiency. "We addressed the sufficiency of evidence because we needed to decide whether to vacate the conviction with or without prejudice," Judge Hiraoka correctly observed. The plurality held the evidence was sufficient and he had dissented. He repeated his position: "[t]he words 'in any private place' and 'in that place' refer to a single location the defendant or recording device and the complaining witness must both be 'in' as an attendant circumstance of the crime."

Kaakimaka applied for cert. He raised jury instruction issues, including proposed and rejected definitions of

"installed or used a device in a private place" and "private place" — the same statutory language at the heart of the sufficiency question. He did not separately raise sufficiency.

We accepted cert and ordered supplemental briefing per Hawai'i Rules of Appellate Procedure Rule 28(b)(4) to address whether substantial evidence supported the conviction. Both parties briefed the issue.

We hold the evidence insufficient and reverse Kaakimaka's conviction.

### III.

HRS § 711-1110.9(1)(a) requires that the device, or the person using it, be in the private place.

"Statutory interpretation starts with the statute's words." Alpha, Inc. v. Bd. of Water Supply, 154 Hawai'i 486, 490, 555 P.3d 173, 177 (2024). Words mean what they ordinarily mean, unless the statute signals otherwise. Saranillio v. Silva, 78 Hawai'i 1, 10, 889 P.2d 685, 694 (1995).

The text reads:

> A person commits the offense of violation of privacy in the first degree if, except in the execution of a public duty or as authorized by law:
>
> (a) The person intentionally or knowingly installs or uses, or both, in any private place, without consent of the person or persons entitled to privacy therein, any device for observing, recording, amplifying, or broadcasting another person in a stage of undress or sexual activity in that place[.]

HRS § 711-1110.9(1)(a) (emphases added).

6

Three textual signals do the work.

First, "installs or uses, or both, in any private place" fixes the act and where it occurs.  The verbs and the prepositional phrase are tied together.  The defendant must install or use "in" the private place.  Not from outside it.  Not adjacent to it.  Inside it.

Second, "in that place" returns to the same location.  The legislature chose a single anchor.  The defendant's installation or use occurs there.  The victim is observed or recorded there.  "In" appears twice, and each time it points to one place.

Third, "without consent of the person or persons entitled to privacy therein" reinforces the spatial reading.  "Therein" means inside.  The privacy interest the legislature meant to protect is freedom from intrusion within a bounded space.

Put more plainly, this is grammar.  The prepositional phrases ("in any private place," "in that place") lock to the verbs ("installs," "uses").  "Therein" seals the reading.  It reaches back to the same place.  Three locational markers, all pointing inward.  Grammatical structure locates the act inside the place the preposition names.  Simple syntax.  Simple result.

"In" is not statutorily defined.  Its ordinary meaning is clear.  Merriam-Webster defines "in" as a function word indicating "inclusion, location, or position within limits." In, Merriam-Webster Online Dictionary, https://www.merriam-

7

webster.com/dictionary/in [https://perma.cc/AU28-K5QG].  To be "in" a place is to be inside it.  That is what the word has always meant.  That is what it means here.

English speakers use it that way every day.  A person who says "the camera is in the drawer" does not mean the camera is pointed at the drawer from across the room.

The State asks us to give a felony statute that uses perhaps the most ordinary word in the language a meaning the word does not carry in any other context, legal or otherwise.  The legislature chose a common preposition.  Common prepositions do common work.

We "cannot change the language of the statute, supply a want, or enlarge upon it in order to make it suit a certain state of facts."  State v. Haugen, 104 Hawai'i 71, 75, 85 P.3d 178, 182 (2004) (quoting State v. Dudoit, 90 Hawai'i 262, 271, 978 P.2d 700, 709 (1999)).  The State would have us supply a want.  Haugen forbids it.

The surrounding statutory context confirms the unambiguous textual reading.  HRS § 711-1111(1)(e) (2014 & Supp. 2016), violation of privacy in the second degree, addresses devices used "outside a private place" to capture sounds originating inside.  The legislature knew how to write "outside" when it wanted to.  It used "outside" in the second-degree statute.  It

used "in" in the first-degree statute.  The contrast is deliberate.

The second-degree offense makes the same distinction internally.  HRS § 711-1111(1)(d) uses identical language to the first-degree offense — "[i]nstalls or uses, or both, in any private place" — for recording sounds or events other than undress or sexual activity.  The neighboring subsection, (1)(e), separately addresses devices used "outside a private place."  The two work as a pair.  One covers inside.  The other covers outside.  The same "in any private place" phrase appears in both the first-degree and the second-degree offenses.  It cannot mean "inside" in one and "outside or near" in the other.

HRS § 711-1111(1)(b) reinforces the point from another angle.  That subsection punishes a person who "[p]eers or peeps into a window or other opening of a dwelling" for a lewd or unlawful purpose.  It's a different offense with different elements – eye-based observation, a dwelling adapted for overnight accommodations, a specific illicit purpose.  What matters here is where the legislature placed it.  Outside-the-window conduct went in the second-degree offense, a misdemeanor.  That placement tells us the first-degree offense was not written to cover the same spatial zone.  Under the correct reading, the two provisions occupy separate ground: subsection (1)(a) reaches devices used inside the private place, and subsection (1)(b)

reaches conduct from outside.  The State's construction would collapse that separation and invite the kind of "inconsistency, contradiction, and illogicality" Cornelio tells us to avoid. State v. Cornelio, 84 Hawai'i 476, 484, 935 P.2d 1021, 1029 (1997).

We pause to address the concurrence.  It agrees with the outcome but reaches it on different grounds.  The concurrence treats HRS § 711-1110.9(1)(a) as ambiguous on whether the device or perpetrator must be inside the private place.  It resolves the putative ambiguity by reading the first-degree statute against HRS § 711-1111(1)(b) and (e).  So we part ways at the threshold question: whether the first-degree statute is unambiguous on its face.

The first-degree's text is unambiguous.  *Pari materia* confirms plain readings.  It does not unsettle them.

The concurrence relies on Yokota for the canonical rule that *pari materia* clarifies the doubtful via the clear.  State v. Yokota, 143 Hawai'i 200, 205, 426 P.3d 424, 429 (2018).  But the rule presupposes ambiguity in the statute under interpretation.  The concurrence believes that precondition is met.  Our textual reading shows it is not.

Treating a clear statute as doubtful is precisely the move Obrero forecloses.  See State v. Obrero, 151 Hawai'i 472, 479, 517 P.3d 755, 762 (2022) (*pari materia* is inapplicable where a

statute is unambiguous on its face); see also Barker v. Young, 153 Hawai'i 144, 149, 528 P.3d 217, 222 (2023) (*pari materia* clarifies the doubtful; it does not "create doubt" in a clear statute).

HRS § 711-1110.9(1)(a)'s grammar ties "in any private place" to "installs or uses."  Comparison with HRS § 711-1111(1)(b) and (e) merely confirms what the text supplies.

We return to the State's argument.  The State insists that the phone was used in the private place because the window is six feet off the ground, not accessible to a casual passerby, and under the roof overhang.  From these facts the State reasons that the window area is part of the bathroom itself.  The window frame, the windowsill, and the space beneath the overhang, the State's argument goes, are part of the same structure as the bathroom, and are not separate "places."

But the bathroom is the private place.  The walls bound it. The screen sits on the outside of the glass.  A roof overhang is shelter from rain.  It does not extend the boundaries of the room inside.  The overhang covers the walkway.  It does not move the walls.

On a sufficiency challenge, we ask whether substantial evidence, viewed in the light most favorable to the State, supports each element.  State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010).

11

The State proved much.  It proved Kaakimaka used a phone.  It proved he aimed it at a bathroom window.  It proved a 15-year-old girl was showering on the other side of that window.  It proved Kaakimaka later admitted that he had tried to videorecord her and to delete what he recorded.  It proved he was found nearby with a phone matching the girl's description.  The State proved a great deal about the reprehensible conduct of a man who had no business doing what he did.

What it did not prove, because no witness ever said it, because no photograph ever showed it, and because Kaakimaka's own statement undercut it, is that the phone, or any part of Kaakimaka, was inside the bathroom.

The teenaged girl was clear.  The phone she saw was "outside of the glass."  The officer confirmed it.  The State never claimed otherwise.

On this record the verdict cannot stand.  Nor can the case be retried on an included offense.

Although the parties treated HRS § 711-1111(1)(d) as an included offense at trial, we address it briefly because the trial record does not support that treatment.  The only three second-degree offenses bearing on violations of privacy in the first degree require elements the first-degree offense does not.  See HRS § 701-109(4)(a) (2014 & Supp. 2018) (included offenses are those "established by proof of the same or less than all the

12

facts required to establish the commission of the offense charged"); HRS § 711-1111(1)(b) (peering or peeping into a dwelling or other structure for a lewd or unlawful purpose), HRS § 711-1111(1)(d) (recording in a private place events "other than another person in a stage of undress or sexual activity"), HRS § 711-1111(1)(e) (recording outside a private place to hear, amplify, or broadcast sounds).

A conviction under subsection (1)(d) would require proof that the person was not in a stage of undress or sexual activity. The evidence here proves the opposite. The girl was undressed in the shower. The same undisputed evidence that established the undress element of the violation of privacy in the first degree charge forecloses a (1)(d) conviction. See HRS § 701-109(4)(a). Because there is no applicable included offense in this case, violation of privacy in the second degree may not be retried. State v. Malufau, 80 Hawai'i 126, 138, 906 P.2d 612, 624 (1995).

Reversal on insufficient evidence disposes of the case. Double jeopardy bars retrial. See State v. Kaulia, 128 Hawai'i 479, 496, 291 P.3d 377, 394 (2013).

**IV.**

The legislature defined this crime by where the device or person went. The device did not go where the law requires. That ends it.

The State warns that our reading leaves a gap in coverage. A camera concealed in a ventilation shaft above a toilet stall. A camera behind a one-way mirror in the next room. A telephoto lens pointed from across the street. A drone hovering above the property.

But a spatial requirement that turns on what a device can reach erases the crime's locational element and is no requirement at all.

No doubt certain scenarios are disturbing. Others, like a home security system that catches a neighbor's open window, may not be. While unsettling situations may invite a legislative response, our role is to apply the law as written, not the law that might be written tomorrow.

We vacate the ICA's November 20, 2025 Judgment on Appeal. We reverse the circuit court's Judgment of Conviction entered October 17, 2022. We remand to the circuit court with instructions to enter a judgment of acquittal.

"In" means in. The phone was out.

R. Hermann Heimgartner                 /s/ Vladimir P. Devens
for petitioner
                                       /s/ Sabrina S. McKenna
Charles E. Murray III
for respondent                         /s/ Todd W. Eddins

                                       /s/ Kevin A.K. Souza

